# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD B. GIEHL, <br><br> Plaintiff, <br><br> v. <br><br> GARY M. LANIGAN, et al.,. <br><br> Defendants. | Civil Action No.: 15-cv-07864 (PGS) <br><br> MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter is before the Court on a motion for summary judgment brought by Defendant, Officer Kelsey Russell (ECF No. 28) for Plaintiff's failure to comply with The Prison Litigation Reform Act.

This claim arises from an alleged civil rights violation pursuant to 42 U.S.C. §1983 in which Plaintiff, a former inmate, claims that Defendant, a correction officer, violated his Eight Amendment rights. Plaintiff, Richard B. Giehl, was an inmate within the New Jersey Department of Corrections; however, he has since been released. (*See* Exhibit-A). There are two dramatically different recounts of the alleged incident; but the motion focuses on the Prison Litigation Reform Act (PLRA). Suffice it to say, on November 7, 2013 there was a physical encounter between Corrections Officer Kelsey Russell and Plaintiff. As a result, Plaintiff filed this matter pursuant to 42 U.S.C. §1983.

*The Inmate Handbook*

Defendant argues that Plaintiff did not follow the procedures set forth in the Inmate Handbook, and therefore the PLRA bars this suit. Parties disagree as to whether Plaintiff received an Inmate Handbook upon his arrival to the Garden State facility. Defendant argues that Plaintiff was issued an Inmate Handbook when he was incarcerated at the Central Reception and

Assignment facility. (*See* Exhibit F.) However, the only signed proofs of handbook delivery are dated to 2014 and 2015, after the incident. According to the "Inmate Handbook for Garden State Youth Correctional Facility," revised on September 2013, a prisoner "must submit a written form within ten (10) business days of the date of the incident/issue of complaint occurred, unless it is not possible to file within such period." [Handbook, pg. 66].

## LEGAL STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a District Court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific

facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, Aafter drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor "that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x. 222, 227 (3d Cir. 2007).

**The Prison Litigation Reform Act (PLRA)**

The Prison Litigation Reform Act (PLRA"), Pub. L. No. 104-134, § 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a Plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity, and to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Section 1997e(a) includes a procedural default component. *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004); *See Spada v. Martinez*, 579 Fed. Appx. 82, 85, 2014 U.S. App. LEXIS 15805, *6, 2014 WL 4056924 (3d Cir. Pa. Aug. 18, 2014). PLRA mandates that inmates first exhaust all administrative remedies prior to filing an action challenging prison conditions pursuant to 42 U.S.C. § 1983. *Small v. Camden County,* 728 F.3d 265, 269 (2013)

Section 1997e of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted. 42 U.S.C. § 1997e.

As indicated by Congress' language in this statute, the exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000). The Third Circuit held, "it is beyond the power of this court -- or any other -- to excuse compliance with the exhaustion requirement, whether the ground of futility, inadequacy or any other basis." *Nyhuis,* 204 F.3d at 73 (3d Cir. 2000) (quotation omitted).

An inmate cannot avoid the PLRA's exhaustion requirement by failing to properly exhaust the prison's administrative review process, or by waiting until such remedies are no longer available to him. *See Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Nevertheless, if the inmate can show that the actions of the prison officials directly caused the procedural default of his grievance, then he will not be held to strict compliance with the exhaustion requirement. *See Brown v. Croak*, 312 F.3d 109 (3d Cir. 2002).

"Section 1997e(a) only requires that prisoners exhaust such administrative remedies 'as are available'" *Brown*, 312 F.3d at 113. "'Available' means 'capable of use; at hand." *Id.* "Defendants must plead and prove failure to exhaust as an affirmative defense." <u>See Ray v. Kertes,</u> 285 F.3d 287, 295 (3d Cir. 2002). "Failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199 (2007).

**<u>Inmate handbook requirement</u>**

Generally, the Inmate Handbook sets forth the procedures of the administrative process that an inmate must follow before filing an action. Each inmate should receive such handbook within two business days of the date of entry.

Pursuant to N.J.A.C. 10A:8-3.2(a),

> (a) Each inmate shall be provided a copy of the Inmate Handbook within two business days of admission to the correctional facility unless compelling security or safety reasons dictate otherwise, or to do so would adversely affect the orderly operations of the correctional facility.

4

*See Smith v. Hayman*, 2012 U.S. Dist. LEXIS 44888, *39-41, 2012 WL 1079634 (D.N.J. Mar. 30, 2012).

## ANALYISIS

Plaintiff's main argument is that he did not receive an Inmate Handbook at Garden State and was unaware of the mandatory administrative remedies that had to be taken within ten days from the incident (November 7, 2013). Defendant presented a receipt signed by Plaintiff on September 5, 2014, which shows he didn't receive the Inmate Handbook until ten months after the incident, and another signed receipt from the following year[1]. There is no evidence that he received a handbook when he first arrived to the facility, as required by N.J.A.C. 10A:8-3.2. (Exhibit F.) Defendant has not provided any information regarding the handbook's availability anywhere else in the prison, i.e. in the library, or whether inmates were aware of its availability, if any.

Here, Plaintiff, failed to exhaust his administrative remedies because he did not file a form in accordance with the Inmate Handbook. However, pursuant to the holding in *Brown*, should he be able to prove that he failed to do because of the prison's officers' action, he might be able to maintain an action in this Court.

At this time, parties provide no information as to whether plaintiff attempted to report the incident at the time it occurred, regardless of whether he was aware of a system in place. We also do not have any evidence supporting that he was provided with a copy of the handbook prior to the incident. If Plaintiff was unaware of the process, and this lack of knowledge was caused by the prison's failure to distribute the manual in accordance with the rules, then the motion for summary judgment should be dismissed.

---

[1] Since no party has raised the issue that Plaintiff is a special needs inmate with mental health considerations, the Court has not considered same.

The alleged unavailability of the grievance process, coupled with the lack of evidence supporting that the administrative remedies were made available to him, raises genuine issues of material facts and, therefore, Defendant's motion for summary judgment is denied.

ORDER

This matter, having been brought before the Court on Defendant Kelsey Russell's motion for summary judgment, and the Court having considered the briefs and submissions of the parties, and having heard oral argument;

IT IS on this 15th day of November, 2017;

**ORDERED** that Defendant's motion for summary judgment (ECF No. 28) is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.